FILED
87 MAR 25 AM 9: 27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE THADDOUS McGRAW, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 96-P-8028-S |
| | ) | CRIMINAL NO. 90-P-0060-S |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ENTERED
MAR 25 1997

## MEMORANDUM OF OPINION

The court has considered the entire file in this action, together with the Magistrate Judge's Report and Recommendation, and the objections of the movant. The court hereby adopts and approves the statements of facts contained in the magistrate's report, and makes the following statements.

The magistrate's report addressed the merits of the movant's sole claim. While the court agrees that the evidence was sufficient to support McGraw's conviction under 18 U.S.C. § 924 (c) (1), it appears that the claim would be more appropriately dismissed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which was signed into law on April 24, 1996. The AEDPA amended 28 U.S.C. § 2244 to read in part, as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person

> pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and except as provided in section 2255.
>
> . . .
>
> (b)(3)(A)  Before a second or successive application permitted by this section is filed in district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (b)(3)(B)  A motion in the court of appeals for an order authorizing the filing of a second or successive application shall be determined by a three-judge panel of the court of appeals.

Section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Although the movant filed his motion on March 8, 1996, prior to the enactment of the AEDPA, courts have held that certain procedural requirements of the AEDPA are applicable to habeas petitions retroactively. *See, e. g., Hunter v. United States*, 101 F.3d 1565, 1573 (11th Cir. 1996) (holding that the AEDPA's certificate of appealability provisions apply to cases pending on the effective date of the act); *Lindh v. Murphy*, 96 F.3d 856 (7th Cir. 1996), *cert. granted*, 117 S. Ct. 726 (1997) (holding that portions of the AEDPA pertaining to appropriate treatment of legal determinations by state courts applies to petitions pending on the date of enactment); *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir. 1996) (holding that the certificate of appealability provision of the AEDPA

applies to habeas petitions filed before the effective date of the AEDPA); *United States v. Page*, 1997 WL 43216 (N. D. Ill. Jan. 27, 1997) (holding that the requirements of § 2244(b) are to be applied to cases pending on the effective date of the AEDPA); *Jimenez v. Miller*, 950 F. Supp. 489 (N.D.N.Y. 1997) (holding that § 2244(b) is to be applied retroactively); *Williams v. Stegall*, 945 F. Supp. 145, 148 (E. D. Mich. 1996) (holding that § 2244(b) applies retroactively to motions pending on the effective date of the AEDPA); *Beyah v. New York State Department of Correctional Services*, 1996 WL 550376 (N.D.N.Y. Sept. 25, 1996) (transferring a petition filed prior to the enactment of the AEDPA). *But see Hill v. Straub*, 950 F. Supp. 807 (E. D. Mich. 1997) (holding that § 2244(b)(3)(A) does not apply retroactively to motions pending on the effective date of the AEDPA).

The movant has failed to obtain authorization from the Eleventh Circuit Court of Appeals to bring the successive motion before this court. Thus, the motion is due to be DISMISSED pursuant to 28 U.S.C. § 2244(b)(3)(A), which requires a movant filing a second or successive petition to obtain an order from the court of appeals, authorizing the district court to consider the application. Once the movant obtains the required order allowing him to file a successive petition in this court, he may refile his motion in this court.[1] An appropriate order will be entered.

---

[1] The likelihood of the movant obtaining such permission, however, is slim, in view of *In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996), in which the court held that the Supreme Court's decision in *Bailey v. United States*, 116 S. Ct. 501 (1995), "did not express a new rule of constitutional law; rather, it merely interpreted a substantive criminal statute using rules of statutory construction."

DONE this 24th day of March, 1997.

_____
SAM C. POINTER, JR.,
CHIEF UNITED STATES DISTRICT JUDGE